BARTHELL, Respondent, vs. PETER, Appellant.

*September 10 — October 2, 1894.*

*Real-estate brokers: Commissions: Mutual mistake of fact.*

An agent for the sale of land, who agrees to pay a broker a commission if he will procure a purchaser, is liable for the commission if the purchaser is procured, though he then discovers that the land is not the property of his principal.

APPEAL from the Circuit Court for *Douglas* County.

The facts are stated in the opinion. A jury trial was waived. The defendant appeals from a judgment in favor of the plaintiff.

For the appellant there was a brief by *Catlin & Butler* and *Carl C. Pope*, and oral argument by *Mr. Pope*.

For the respondent there was a brief by *R. I. Tipton* and *E. F. McCausland*, and oral argument by *Mr. Tipton*.

WINSLOW, J. This action is brought to recover the commissions of a real-estate broker. The action was tried by the court. The facts were, and the court found, that the defendant, who was an agent to sell certain lands in Douglas county for a principal, agreed to pay the plaintiff a commission of $500 if he would find a purchaser ready, able, and willing to purchase a certain described parcel of real estate in Douglas county. The plaintiff found and produced such purchaser, and then defendant discovered that the said parcel of land was not the property of his principal; and he claims that this was a mutual mistake of fact, which avoided the contract to pay commissions on the sale. The plaintiff was in no way responsible for the defendant's mistake. On these facts judgment was rendered for the plaintiff. This judgment was plainly right. The defendant's mistake was not, within the meaning of the law, a mutual mistake. The fact concerning which

the mistake was made was not an inducement to the contract, or material thereto, so far as plaintiff was concerned. The plaintiff performed the labor which he agreed to perform, and cannot be defeated by the fact that defendant was negligently mistaken as to a fact which was entirely immaterial to the plaintiff, and which should have been within the defendant's own knowledge.

*By the Court.*— Judgment affirmed.