# MOORE & HILL, INCORPORATED, v. BREUNINGER.*

---

APPEALS; CHARGE TO JURY; TRIAL; INSTRUCTIONS TO JURY; BROKERS.

1. To determine whether a portion of the trial court's charge to the jury, made the basis of an assignment of error, is erroneous, the entire charge will be considered.

2. It is error to instruct the jury on a state of facts not disclosed by the evidence. A trial court should never instruct the jury on an abstract proposition of law, based upon a purely hypothetical case, not supported by testimony.

3. A real estate agent, to be entitled to his commission, must have been the procuring cause of the purchase; in other words, a purchase must have resulted through his efforts in bringing the parties together. He cannot interpose, for the purpose of effecting a trade, between parties already negotiating for a purchase and sale, and, when the trade fails, abandon his efforts, and claim a commission for the subsequent sale of the property between the parties originally negotiating with that end in view.

No. 2006.    Submitted October 22, 1909.    Decided November 30, 1909.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia, entered upon a verdict of

---

*Brokers.*—As to right to commissions where two or more real estate brokers, acting for the same person, are instrumental in effecting a sale of property to a certain purchaser, see notes to *Hoadley* v. *Savings Bank,* 44 L.R.A. 337, and *Jennings* v. *Trummer,* 23 L.R.A. (N.S.) 164.

the jury, in an action to recover a commission as real estate broker.                                      *Affirmed.*

The facts are stated in the opinion.

. *Mr. Wilton J. Lambert* and *Mr. Rudolph H. Yeatman* for the appellant.

*Mr. P. M. Brown, Mr. Charles W. Clagett,* and *Mr. W. B. Guy* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This suit was originally brought by appellant, Moore & Hill, Incorporated, in the justice of the peace court of the District of Columbia to recover a commission on the purchase price of a certain piece of real estate, which it claims to have sold for the appellee, Lewis E. Breuninger. On trial, a judgment was rendered in favor of appellee. An appeal was taken by appellant to the supreme court of the District, where the case was tried to a jury, resulting in a verdict for the appellee. From the judgment entered thereon, appellant prosecutes this appeal.

Appellant relies upon a single assignment of error. An extract is taken from the instructions of the court to the jury, and the assignment is based upon this. It is proper to consider the entire instruction in which the extract appears. The instruction, with the portion objected to printed in italics, is as follows:

"Now, gentlemen, if you believe from the evidence that the plaintiffs' agency was the procuring cause of the negotiation between the defendant and Mr. Sheppard, which resulted in a sale to him of the defendant's property, the plaintiffs are entitled to recover, even though the jury may further find that the negotiations and consummation of the sale were had with the defendant when plaintiffs were not present, and without defendant's knowledge that the plaintiff's agency was the procuring cause of said sale of negotiations.

"*On the other hand, gentlemen, if you find from the evidence that Dr. Power secured and introduced the purchaser to the defendant, and as a reseult thereof the defendant entered into negotiations with such purchaser,—Sheppard, in this case,—for*

*the sale of this property prior to the time that the plaintiffs had brought the property to the purchaser's attention, and that the sale of said property was made by the defendant as the result and outcome of a continuation of the negotiations theretofore entered into and brought about by the efforts of Dr. Power, then your verdict shall be for the defendant. In other words, if you are satisfied from a preponderance of the evidence that Sheppard was first introduced to the defendant here by Dr. Power as a probable purchaser, and that negotiations were entered into between them and were being carried on prior to the time the plaintiffs undertook to deal with this property, and that Sheppard bought the property as a result of said negotiations theretofore pending between the defendant and Sheppard, and subsequently continued until the sale was made by the defendant himself to Sheppard, then your verdict must be for the defendant, because in that view of the case it could not be said that the purchaser had been procured by the plaintiffs, that he had been introduced by the plaintiffs, or that they were the procuring cause of the sale.*

"In determining whether the plaintiffs were the procuring cause of the sale, you may take into consideration the exertions and efforts made by the plaintiffs to sell this property, if you find that they did make any effort to so do; you may take into consideration all that they said and did in connection with the property, and determine whether they were the procuring cause of the sale; or, on the other hand, taking into consideration all the facts and circumstances, determine whether the sale was made through the introduction of the purchaser to the defendant by Dr. Power, and as a result of negotiations between them independent of these plaintiffs. If you believe from the evidence that all the proposed purchaser, Sheppard, did in his negotiations with the plaintiffs, Moore & Hill, was to agree to take the property, provided the plaintiffs could make a trade of other property in part payment of the purchase price, which proposition was submitted by the plaintiffs to the defendant and declined by him, and that plaintiffs then stated to Sheppard that they could not make said sale or exchange of the property on said terms, and thereupon returned the deposit to the purchaser,

and that prior thereto defendant had been negotiating with said purchaser for said sale to him of said property, and that as a result thereof the defendant subsequently sold said property to said purchaser upon his, the purchaser's own offer, and with which offer the plaintiffs had nothing to do, then your verdict must be for the defendant."

Counsel for appellant insists that there was no evidence to support that portion of the instruction upon which error is assigned. The law is well settled that it is error to instruct a jury on a state of facts not disclosed by the evidence. A trial court should never instruct a jury on an abstract proposition of law based upon a purely hypothetical case, unsupported by testimony. This brings us to a consideration of whether or not the record discloses any evidence which will furnish a basis for the entire instruction as given by the court. Appellant's case, as to the facts, rests entirely upon the evidence of one Gardiner, a salesman in the employ of appellant company, who claims to have been instrumental in procuring the purchaser for the property in question. The evidence of the witness Power is to the effect that in November, 1906, he purchased a house adjoining the one in question. Being acquainted with Sheppard, the purchaser, and desiring to secure him for a neighbor, he called Sheppard's attention to the house, urging him to purchase it, telling Sheppard at the time that appellee Breuninger was the owner of the property, at the same time taking Sheppard to the house and showing it to him. About the same time, Power called appellee's attention to Sheppard as a probable purchaser of his house. It does not appear that appellee and Sheppard met at this time, but appellee requested Power to try and induce Sheppard to purchase the house. There is further evidence to show that about the 20th of December, 1906, Sheppard went to the office of appellant to inquire regarding a house which it had for sale. While there, the witness Gardiner called Sheppard's attention to the house in question. According to Sheppard's testimony, he stated to Gardiner that he was not able to purchase the house, but might consider a proposition to trade a house he had in part payment, whereupon Sheppard, at Gardiner's request, went with Gardiner and examined the house.

The following Sunday, Gardiner took Sheppard, his wife, and two sons to inspect it. Sheppard then made a proposition to Gardiner to trade his house for the one in question, which proposition Gardiner undertook to carry through. Sheppard deposited a check with Gardiner for the sum of $75, as an evidence of good faith that he would abide by his proposition should Gardiner be able to carry it out with appellee. After repeated efforts, Gardiner reported to Sheppard that he was unable to secure a trade from appellee, and returned to Sheppard the amount of his deposit. Sheppard testified that this closed all negotiations between him and Gardiner or the appellant company in relation to the house, and that his only connection with appellant was on the basis of its securing a trade from appellee. About a month subsequent to the return of the deposit by Gardiner, Sheppard purchased the house from appellee for a cash consideration. Appellee testified that neither appellant nor its agent Gardiner ever disclosed to him Sheppard's name in connection with the proposition to trade.

We think this brief statement of testimony appearing in the record is sufficient to support the entire instruction as given, and the instruction must be treated in its entirety. While it is true that the purchaser and appellee did not personally meet relative to this transaction, prior to the negotiations between the purchaser and the agent of appellant Power, had presented to appellee the name of Sheppard as a probable purchaser, and appellee had made Power his agent to negotiate with Sheppard and to bring about a sale. In law this constitutes an introduction and the establishment of relations between appellee and Sheppard looking to the ultimate purchase of the house prior to the time appellant began negotiating with Sheppard for a trade. It is evident that the jury accredited the testimony of Sheppard to the effect that he never negotiated with appellant for the purchase of the house, but that all the negotiations were for a trade, and the testimony of Sheppard, Power, and appellee that efforts were being made by Power, by the authority and with the knowledge of appellee, to induce Sheppard to purchase the house, and that these efforts, and not the efforts of appellant to make a trade, were the procuring cause of the sale. In this

view of the case, the jury, under the evidence and the instructions, could very properly return a verdict for the appellee.

We think there is sufficient evidence in the record to justify the jury in arriving at the conclusion that all appellant did was to attempt to negotiate a trade between appellee and Sheppard at a time when negotiations for the purchase were under way between Sheppard, the purchaser, and Power, the agent of appellee. The agency of Power was not necessarily dependent upon a commission. The request of appellee, coupled with the personal desire of Power to secure Sheppard for a neighbor, was a sufficient incentive for him to assume the task of bringing the parties together. The jury would have been authorized in concluding that appellant, after failing to trade, abandoned all effort to bring appellee and Sheppard into the relation of vendor and vendee. Admittedly, Sheppard's deposit was returned, and no further efforts were put forth by appellant. An agent, to be entitled to his commission, must have been the procuring cause of the purchase—in other words, a purchase must result from his efforts in bringing the parties together. He cannot intervene for the purpose of effecting a trade between parties already negotiating for a purchase and sale and, when the trade fails, abandon his efforts, and claim a commission for a subsequent sale of the property between the parties originally negotiating with that end in view.

It is well settled that after a broker has found a customer and begun negotiations, neither the principal nor the customer can defeat the broker's right to a commission by closing the transaction without his aid. Nor can a principal reject an offer made by such a customer and then, without the aid of the broker, sell to the customer, and thereby prevent the broker from obtaining his commission. Where a sale is effected as the result of the broker's introducing the customer to the principal, he is entitled to his commission, though the sale be effected without the broker's taking any part in the negotiations. It is not, however, every sale to a customer procured by a broker that will entitle him to a commission. He must be the procuring cause of the particular transaction resulting from his bringing

the parties together. It therefore follows that if a broker fails to bring a customer to his terms, and then abandons all efforts to effect a sale, he forfeits his right to claim a commission upon a subsequent sale made by the principal to the customer. These principles are elementary in the law pertaining to the rights of factors and brokers, and further comment is unnecessary. The view which the jury unquestionably took of the evidence, and which is not an unreasonable one, fully supports the verdict.

The judgment is affirmed with costs, and it is so ordered.

*Affirmed.*