## SPIGNUL v. BLUNDON et al.

(Court of Appeals of District of Columbia. Submitted December 14, 1922.
Decided March 5, 1923.)

No.: 3832.

I. **Trusts ⊕⇒371(I)—Bill to establish interest in property received for commission in which plaintiff was to share held good.**

A bill alleging that plaintiff and two defendants had an agreement under which each was to receive one-third of the commission for the sale of real estate, that the two defendants had received in payment of a commission for such sale a conveyance of two tracts, one of which plaintiff was informed and believed they had sold on terms unknown to him, and praying a discovery and accounting by defendants, and a decree that plaintiff was entitled to a one-third interest in the tracts received by the two defendants, *held* sufficient to state a case for equitable relief.

2. **Equity ⊕⇒46—May give relief, unless remedy at law is equally efficient.**

Unless the remedy at law is sufficiently adequate to furnish certain, complete, prompt, and efficient relief, equity may be invoked.

3. **Equity ⊕⇒46—Bill to recover money damages only for fraud cannot be sustained.**

A bill seeking to obtain only a decree for the payment of money by the way of damages cannot be sustained, though it alleges fraud, since a like amount might be as adequately recovered in an action at law.

4. **Trusts ⊕⇒103(I)—Constructive trust arises from fraudulently acquiring property by virtue of confidential relationship.**

Where legal title to property has been acquired in fraud of the rights of another standing in a confidential relationship, a constructive trust arises, and the person acquiring the property holds it for the benefit of the other party.

Appeal from the Supreme Court of the District of Columbia.

Suit by William H. Spignul against William C. Blundon and others. From a decree dismissing the bill, plaintiff appeals. Reversed and remanded.

C. H. Merillat and C. S. Shreve, both of Washington, D. C., for appellant.

R. J. Whiteford, A. L. Newmeyer, and M. W. King, all of Washington, D. C., for appellees.

Before VAN ORSDEL, Associate Justice, and MARTIN and SMITH, Judges of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. Appellant filed a bill in equity in the Supreme Court of the District of Columbia, praying a decree restraining defendants, Blundon and Healy, from selling or conveying certain described real estate situated in the city of Washington; that plaintiff be decreed entitled to one-third interest in said property, and for discovery, accounting, and general relief.

It is averred in the bill and admitted by motion to dismiss, that plaintiff, a real estate broker, had a contract with defendants Blundon and

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Healy, to participate in commissions on sales of real estate, negotiated by defendants, in proportion of one-third to each; that defendant Blundon negotiated the sale of No. 1800 K street, this city, for $350,-000 on which the commission, at the regular rate, would be $10,500; that the commission on the sale was to be paid by the purchaser to defendants Blundon and Healy, by conveyance to them of two houses in this city, No. 321 C Street Southeast, and No. 567 South Carolina Avenue Southeast, and that "defendants Blundon and Healy, with intent to deprive plaintiff of his share or interest in said premises agreed to divide the same between themselves equally to the entire exclusion of plaintiff from any share therein." Plaintiff further avers, on information and belief, that defendants have negotiated a sale of premises No. 321 C Street Southeast, to defendant Charles Kreig, but the price, terms, incumbrances, or conditions of sale are unknown to plaintiff.

Plaintiff in his bill seeks to obtain a discovery and accounting by defendants; to have his interest in the properties received as commission determined, defendants enjoined from alienating or encumbering the properties without the consent of plaintiff, and that he be decreed one-third owner thereof, "in order to follow plaintiff's interest therein into whosesoever hands said premises or the proceeds or avails thereof may pass."

Defendants moved to dismiss the bill for failure to state facts sufficient to entitle plaintiff to relief, for lack of equity, and for other grounds apparent on the face of the bill. The court dismissed the bill for failure to state a case for equitable relief. From the decree the case was appealed.

According to a stipulation between the parties, Blundon and Healy may be treated here as the sole defendants, and for convenience will be referred to as such.

[1] We think the bill states a case for equitable relief. The action for recovery of an interest in commissions is usually for damages at law, this is true where the commissions are a matter of money computation, as is the usual custom in brokerage transactions. In this instance, however, the commission was not in money, but in lands. A fiduciary relation existed between the parties. The defendants abused the trust reposed in them by plaintiff, and appropriated the properties received as commission to their own use. Plaintiff has an unascertained one-third interest in these properties, or in the proceeds derived from the sale, if a sale has in fact been made. Plaintiff is not relegated to a jury's opinion of the value of his interest in the land. He is entitled to the perfect and complete justice which equity affords in ascertaining the specific interest in the land itself, or the proceeds and profits derived therefrom.

[2, 3] Unless the remedy at law is sufficiently adequate to furnish certain, complete, prompt, and efficient relief, equity may be invoked. If the present bill, although alleging fraud, sought to obtain only a decree for the payment of money by the way of damages, it could not be sustained, since a like amount might be as adequately recovered in

an action at law. Grant v. Giuffrida, 267 Fed. 330, 50 App. D. C. 28; Curriden v. Middleton, 232 U. S. 633, 34 Sup. Ct. 458, 58 L. Ed. 765. This is equally true, whether the relation between the parties be a fiduciary one, or that of principal and agent. It is for the court, however, to determine from the facts in each case whether or not the action is cognizable at law or in equity.

Here defendants, occupying the fiduciary relation of trusted associates in the transaction with plaintiff, were obligated to make a true and accurate accounting of this entire transaction. The property which came into their possession is held in trust for the benefit of plaintiff to the extent of his interest. The extent of this interest is peculiarly within their knowledge, and of a character which can be specifically ascertained only by discovery and accounting, according to the rules of equity and good conscience. Pomeroy's Equity Jurisdiction and Equitable Remedies, §§ 931, 932.

[4] The rule where, as in the present case, legal title to property has been acquired in fraud of the rights of another, standing in a confidential relation, is announced in Perry on Trusts, § 166, as follows:

"If a person obtains the legal title to property by such arts or acts or circumstances of circumvention, imposition, or fraud, or if he obtains it by virtue of a confidential relation and influence under such circumstances that he ought not, according to the rules of equity and good conscience as administered in chancery, to hold and enjoy the beneficial interest of the property, courts of equity, in order to administer complete justice between the parties, will raise a trust by construction out of such circumstances or relations; and this trust they will fasten upon the conscience of the offending party and will convert him into a trustee of the legal title, and order him to hold it or to execute the trust in such manner as to protect the rights of the defrauded party and promote the safety and interests of society."

No reason is apparent for any relaxation of the established principles of equity practice or procedure in favor of trial by jury, since the matters calling for discovery and accounting are peculiarly within the knowledge of defendants, and therefore come clearly within the jurisdiction of equity.

The decree is reversed, with costs, and the cause remanded for further proceedings.