CORE *v.* HENLEY.

Opinion delivered May 6, 1929.

*M. F. Elms,* for appellant.

*Bogle & Sharp,* for appellee.

HUMPHREYS, J. The issue presented by the pleadings in this case was whether appellant, Orin C. Core, or one of the appellees, J. D. Henley, was entitled to a commission of $1,300 earned by one or the other for selling the Buckholtz farm in St. Francis County, Arkansas, consisting of over 400 acres, which was owned by the other appellee, American Investment Company. Although the action originated by appellee, Henley, instituting suit in the chancery court of Prairie County, Southern District, to recover the commission from his co-appellee, American Investment Company, yet the attitude of said American Investment Company, as disclosed by its motion to make Orin C. Core a party, was that of an interpleader in fact offering to pay the commission as same matured to whomsoever it should be decreed, except the amount of $100, which it paid to Core before receiving notice that Henley claimed the commission.

The cause was submitted to the trial court upon the pleadings and testimony introduced by the parties, which resulted in a decree in favor of Henley against appellant for $100 received by him from the American Investment Company; and against the American Investment Company for $300, which had accrued on commission account at the time of the trial of the cause, from which decree an appeal has been duly prosecuted to this court.

There is no dispute in the testimony as to the amount of the commission earned and that it was to be paid from time to time as the installments of the purchase money matured and should be paid. One hundred dollars of the commission was paid by the American Investment Company to Core, when he reported the sale to it and remitted the initial cash payment made by H. Loewer to said company. At the time this suit was tried $300 of the commissions had accrued. Neither is there any conflict in the testimony as to the manner in which the farm was listed

for sale with real estate agents. The American Investment Company owned this and many other farms it had acquired through the foreclosure of its mortgages upon them, and, in order to dispose of them, published a list of its farms for sale in a pamphlet and mailed same to real estate agents operating in the locality where the lands were situated. It was stated in the pamphlet that the exclusive sale of the farms was not given to any agent, and that the agent consummating the sale should receive the commission. During the time it was selling the farms thus acquired it was making new loans. The loans were made through duly authorized district or field agents, who employed local agents to solicit loans. The district or field agents, as well as their assistants, who drew salaries for their services, were also allowed to make sales of the farms and to receive additional compensation in the way of commissions for consummating such sales. W. H. Crump was field or district agent of the American Investment Company in Arkansas, and resided at Stuttgart in this State. Appellant was also his assistant, and resided at the same place. Henley was in the loan and real estate business, and resided at Brinkley.

There is a dispute in the testimony concerning the sale of the Buckholtz farm to H. Loewer.

J. D. Henley testified, in substance, that in the fall of 1924 he received the pamphlet from the American Investment Company, and decided to sell the Buckholtz farm to H. Loewer, and spoke to W. H. Crump, the field or district agent, about his intention; that Crump told him to go ahead and sell the farm to Loewer, and that he (Crump) would come over and help him close it up; that he went to see Loewer, who told him that the place was so poisoned with grass that he did not know whether he wanted to buy it, and would not know until later; that he went back to see him early in the spring of 1925 and obtained a proposition from him to rent the place with the option of buying same during the crop season; that he 'phoned Crump to come over and close the deal,

and that Crump came to Brinkley, and he took him in his car to see Loewer; that Crump entered into a written rental contract with Loewer for the year 1925, with the verbal understanding that, should he buy it during the season, the rent would be applied as a payment on the farm; that in June, 1925, Loewer came to Brinkley and informed him that he was ready to purchase the farm, and would close the deal as soon as he returned from Little Rock, where he intended to remain a day or two; that he (Henley) telephoned to Crump, but was unable to get him, but that next day Core came to Brinkley with an auditor of the American Investment Company, whereupon he informed him of Loewer's intention to buy the farm, and stated to him that he wanted Crump to come over and help him close up the deal; that Core told him that Crump was not in the employ of the company any longer, but that he (Core) was to take his place; that he would get all the data from Crump and come over and help witness close the deal; that he waited a few days, and, hearing nothing from Core or Crump, he called up Loewer, and was informed by him that he closed the deal with Crump; that he immediately wrote to Crump, and he denied having anything to do with closing the deal himself, claiming that Core had closed same; that Core wrote to him that he closed the deal with Loewer on his own account; that he immediately wrote to the American Investment Company, informing it of the entire transaction, and demanding his commission; that it refused to pay him, claiming that Core consummated the sale, and was entitled to the commission.

Henry Loewer testified, in substance, that on June 16, 1925, when he purchased the land, he was unacquainted with Core, and had never talked with him before about purchasing the farm; that the transaction in closing the deal was between Crump and himself, although Core signed the contract of sale with him; that he could not recall to whom he made the $500 payment pending the

execution of the deed and mortgage; that he understood that they came and closed the deal pursuant to the arrangement he had with Henley.

Orin C. Core testified, in substance, that he understood Loewer had the farm leased, but did not know of his verbal option to buy it; that he understood from the office employees at Stuttgart that Loewer was a prospective purchaser of the farm, and on one occasion, while in the employ of the company, Henley telephoned him about a prospective purchaser who he understood from Crump was Loewer; that he had gone to see and tried to sell the farm several times to Loewer; that on May 23, 1925, he quit working for the company on a salary; that he did not meet Henley in Brinkley early in June and receive information from him that he had sold the farm to Loewer, and did not promise Henley that he would go with him and help close up the deal; that on June 16, 1925, he decided to go and see Loewer and try to sell him the farm; that he took Crump with him, but not for the purpose of helping him close the deal; that he closed the deal himself with Loewer, and sent the written contract of sale, together with the initial cash payment of $500, to the American Investment Company, and that it credited him with $100 on commission and promised to pay him $1,200 more in commissions as same accrued.

The trial court found from the testimony detailed above that Henley furnished the American Investment Company with a purchaser for the farm, who completed the purchase and paid part of the purchase price, thereby entitling him, under the law, to the commission agreed upon. Appellant contends that the rule of law entitling an agent to a commission where he is the procuring cause of the sale was erroneously applied in the instant case, because appellant and appellee, Henley, were independent or rival agents, and that, in order to earn a commission under those circumstances, the agent must not only be the procuring cause of but must consummate the sale. As authority for his contention appellant invokes

the rule announced by this court in the case of *Murray* v. *Miller,* 112 Ark. 234, 166 S. W. 536, Ann. Cas. 1916B, 974, to the effect that: "Where two rival agents have the right to negotiate the sale of lands for the owner, the agent actually bringing about the sale is entitled to the commission, where the owner acted in good faith with both." The rule invoked is applicable to rival agent or agents who are independent of each other, when neither has the exclusive right to sell the property. It has no application whatever to an agent who has promised to assist another in completing a sale which the other has been instrumental in procuring, and will not protect him in the collection of a commission if he violates his promise to the other and attempts to appropriate same to his own use. According to the finding of the chancellor, which finding is supported by the weight of the evidence, Henley procured the purchaser for the farm and communicated that fact to Core, who informed him that he was to succeed Crump as district or field agent for the American Investment Company, and that he would assist him (Henley) in closing up the deal; but, in violation of the promise, and with the aid of Crump, he circumvented Henley by closing and reporting the sale as his own to the American Investment Company and wrongfully obtaining credit for the commission.

It would be unjust and inequitable to apply the rule governing rival or independent agents in the sale of property to the facts in the instant case, as appellant, according to the weight of the evidence, was an assistant by promise, and not a rival agent of Henley. The trial court applied the correct rule of law to the facts as reflected by the weight of the evidence.

Appellant makes the further contention that, in any event, the court erred in rendering a decree against him in favor of Henley for $100 which he had received from the American Investment Company as a voluntary payment on his claim for commissions. It is argued that, because the American Investment Company voluntarily made the payment to him, it could not recover the com-

mission from him, and that, because there was no privity of contract between him and Henley, Henley could not recover it from him. According to the finding of the chancellor, which is supported by the weight of the evidence, the American Investment Company paid the amount of $100 to Core under the erroneous belief that he was entitled to the commission, and hence would be entitled to recover the amount back from him. Although there was no privity of contract between Core and Henley, it developed that Core had wrongfully collected $100 that should have been paid to Henley. It all grew out of the same transaction and all the parties interested in the transaction were parties to this suit. This court construed our statutes governing counterclaim and set-off in the case of *Coats* v. *Milner,* 134 Ark. 311, 203 S. W. 701, and announced that under the statutes (quoting syllabus No. 4) : ''Persons who have gone to law may in a single suit settle all matters of dispute between them, whether the respective causes of action grow out of the same or different contracts, or whether they arise upon contract or arise out of some tort.'' Under the rule thus announced we think the court took the proper course in treating the pleadings as amended to conform to the proof and in settling all matters of dispute between them.

No error appearing, the decree is affirmed.