**COLUMBIAN CAT FANCIERS, Inc., v. KOEHNE et al.**

No. 6887.

United States Court of Appeals for the District of Columbia.

Decided Feb. 7, 1938.

Rehearing Denied April 7, 1938.

Herbert S. Ward, of Washington, D. C., for appellant.

Ralph E. Day, Joseph P. McClosky, and Ira Chase Koehne, all of Washington, D. C., for appellees.

Before GRONER, STEPHENS, and MILLER, Associate Justices.

STEPHENS, Associate Justice.

This is an appeal from an order of the District Court of the United States for the District of Columbia sustaining a motion to dismiss a bill filed in equity. The question presented is whether the bill states a cause of action in equity.

Examination of the bill discloses that it does state a cause of action in equity—for an injunction restraining the defendants, appellees here, from carrying into effect an alleged conspiracy unlawfully to interfere with the business and the bank account of the plaintiff corporation, appellant, and restraining the defendants from continuing unlawfully to withhold from the possession of the plaintiff certain properties and records. The allegations supporting such a cause are, in substance and effect, as follows: The plaintiff is a non-profit corporation organized and existing under the laws of the District of Columbia, with its office and principal place of business there. The defendant Mabel E. Hitchcock, secretary of the plaintiff, entered into a conspiracy with the other individual defendants (one of the defendants is a banking corpo-

ration) for the purpose of ruining the plaintiff and preventing it from accomplishing its corporate purposes. By virtue of her position as secretary, this defendant was in possession of the corporate charter, seal, books, records, and also of certain chattels belonging to, and necessary to the carrying on of, the corporate business. This defendant in conspiracy with the other individual defendants, and for the purpose of causing the plaintiff loss and damage, removed, concealed, and otherwise disposed of the property referred to so that the same cannot be found and recovered by the plaintiff. On and prior to October 14, 1936, the plaintiff had on deposit in the defendant Riggs National Bank substantial sums of money. On or about the same date the defendant Ira C. Koehne, who was not a member of the corporation, in furtherance of the conspiracy, impounded all of the possessions of the plaintiff including its bank account. Unless restrained, the defendants, except the Bank, will usurp the rights and prerogatives of the plaintiff, and will seek to substitute themselves for its lawful representatives in a national association of which the plaintiff is a member, and will otherwise, for their own personal ends, ruin the plaintiff and deprive it of earnings necessary for carrying on its corporate affairs. The plaintiff is suffering and will continue to suffer irreparable loss and damage because of the unlawful acts charged, unless the defendants are restrained as prayed. The plaintiff is without relief save in a court of equity.

Upon the basis of these allegations the plaintiff prays for the issuance of process against the defendants, and among other things, for an injunction, pendente lite, restraining the individual defendants from withdrawing the corporate moneys from the defendant Bank, and restraining the Bank, pendente lite, from recognizing any orders, checks, or other instruments of the defendants. The plaintiff further prays that a rule be issued against the defendants Mabel E. Hitchcock and Ira C. Koehne, requiring them to appear and show cause why they should not be ordered, pendente lite, to return to the plaintiff certain chattels belonging to it. In respect of permanent relief, the plaintiff prays, among other things, that the individual defendants be

enjoined from proceeding against the defendant Bank or from withdrawing any of the plaintiff's moneys therefrom, or from filing signature cards or instructions therewith; that the Bank be restrained from recognizing checks, orders, or instruments of the individual defendants; and that the plaintiff have judgment against the individual defendants for damage suffered by reason of their acts.[1] There is the usual prayer for such other and further relief as to the court may seem meet and proper.

We have stated above the substance and effect of those allegations which alone constitute a cause of action in equity for injunctive relief. There are in addition within the bill allegations to the effect that: The defendant Mabel E. Hitchcock, the secretary of the plaintiff corporation, without authority so to do, issued, as a part of the conspiracy charged, a call for a meeting of members, and distributed it among the individual defendants. Thereafter, in furtherance of the conspiracy, a meeting was held by the individual defendants wherein they purported to hold an election of officers of the plaintiff and to elect the defendant Ira C. Koehne president, the defendant Mabel E. Hitchcock secretary, and certain other of the defendants as other officers and representatives of the plaintiff. The defendant Ira C. Koehne represented that he and the other individual defendants were the lawful successors of the plaintiff and were, with lawful power and authority so to do, carrying on its affairs. These representations were false and were known by the individual defendants to be false, and were made fraudulently in furtherance of the conspiracy. The lawful officers and members of the plaintiff are certain persons named. The plaintiff has expelled from membership the individual defendants who were members, and they are not now entitled to be heard in any of its affairs. Upon the basis of these additional allegations it is prayed that the individual defendants be restrained, both pendente lite and permanently, from representing themselves to be the officers of the plaintiff, and from exercising any of the duties, prerogatives, or authority of officers.

██ It is contended by the defendants that the additional allegations last recited

---

[1] It was also alleged in the bill that one purpose of the unlawful acts complained of was to prevent the plaintiff from holding, on December 6, 1936, an annual exhibition. In the summary set forth above, we have omitted this allegation because the date of the exhibition has passed and therefore no injunction could issue in respect of that aspect of the case.

disclose that the dispute involved in the case is one in respect of the title to corporate offices, and that for this there is an adequate remedy at law in an action in quo warranto, and that therefore equitable jurisdiction ought not to be exercised. Such an action is not an adequate remedy in respect of the right of the plaintiff to recover its property and to restrain the effectuation of a conspiracy to interfere with its business, because the plaintiff could itself bring no such cause of action. It must be brought by a person claiming title to the office in question and out of possession thereof. See 2 Bailey, Habeas Corpus and Special Remedies 1913, §§ 321, 322, cf. Ferris, Extraordinary Remedies 1926, § 154. The remedy is inadequate also because the right to bring an action in quo warranto is not absolute. Under the provisions of D. C.Code (1929) tit. 24, §§ 232, 233, institution of a suit in quo warranto lies within the discretion of the Attorney General or of the District Attorney (either upon the motion of such an officer, or upon the relation of a third person), or, in the event of the refusal of such officers to act, in the discretion of the court. It is elementary that "the jurisdiction of equity attaches unless the legal remedy, both in respect to the final relief and the mode of obtaining it, is as efficient as the remedy which equity would confer in the same circumstances." Kilbourn v. Sunderland, 1889, 130 U.S. 505, 514, 9 S.Ct. 594, 596, 32 L.Ed. 1005; Boyce's Executors v. Grundy, 1830, 3 Pet. 210, 215, 7 L.Ed. 655; Spignul v. Blundon, 1923, 53 App.D.C. 29, 30, 287 F. 1006. " 'Adequate remedy at law' means a remedy vested in the complainant, to which he may at all times resort at his own option, fully and freely, without let or hindrance." Beach v. Beach Hotel Corp., 1933, 117 Conn. 445, 453, 168 A. 785, 788; Wheeler v. Bedford, 1886, 54 Conn. 244, 249, 7 A. 22, 24. As was said by the court in Toledo Traction, Light & Power Company v. Smith, 205 F. 643, 662, D.C.N.D.Ohio, 1913: "It would seem to us that the remedy by quo warranto is therefore not quite complete, where the party interested must appeal to the discretion of some other person· or body." It may be noted further that even if the plaintiff itself could as a corporation bring an action in quo warranto, and even if that remedy were vested in the complainant entirely at its own option, still quo warranto would not adequately protect the right of the plaintiff to prevent the ruin of its business and the concealment of its property, because a quo warranto action determines only the title to offices, and even if the plaintiff won in such an action, it would still have to bring a suit like the instant suit to regain control of its properties and business.

■ The fact that the court in the trial of the equity suit for injunction, under issues which may result from an answer when filed, may be required to try title to the offices in question, does not defeat the exercise of the equitable jurisdiction invoked by the bill, because such determination of title will be but incidental to the equitable relief and not final. It is elementary that notwithstanding the necessity in an equity suit by incidental determination of title to office, the equity court may proceed. Andrews v. Drake, 6 Cir., 1936, 83 F.2d 767, 773; Johnston v. Jones, 1872, 23 N.J.Eq. 216; Chicago Macaroni Manufacturing Company v. Boggiano, 1903, 202 Ill. 312, 67 N.E. 17. See 2 High, Injunctions, 4th Ed. 1905, p. 1232, § 1355, cf. p. 1332, § 1315a.

■ This case was made unnecessarily difficult by the omission of counsel for the respective parties to observe the rules of pleading. These rules require that a bill in equity shall contain a short and simple statement of the ultimate facts upon which the relief is sought, omitting any statement of mere evidence. They require that defenses in point of law arising upon the face of a bill shall be made by motion to dismiss or in the answer; and they require that defenses presentable by plea in bar or by plea in abatement shall be made in the answer, and that factual matter in defense shall be set forth in the answer. Equity Rules 25, 29, and 30 of the Supreme Court of the United States, 28 U.S.C.A. following section 723, and 18, 28, and 29 of the District Court of the United States for the District of Columbia. The bill of complaint in this case is prolix and confused, containing much matter quite unnecessary to the statement of the plaintiff's cause. The defendants' motion to dismiss is a "speaking demurrer" which attempts, in addition to raising the question of the sufficiency of the bill to state a cause of action, to introduce affirmative factual matter which, if relevant, is properly part of an answer but not of a motion to dismiss. We have disregarded, as surplusage, the immaterial allegations of the bill, and the affirmative matter improperly included in the motion.

The decree of the trial court is reversed and the case remanded for further proceedings in accordance with this opinion.

Reversed and remanded.