**HENDERSON v. PORTER.**

No. 488.

Municipal Court of Appeals for the
District of Columbia.

May 14, 1947.

Joseph T. Sherier, of Washington, D. C.,
for appellant.

Samuel Gordon, of Washington, D. C.,
(William T. Pace, of Washington, D. C.,
on the brief), for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellee, plaintiff below, a real-estate
salesman, sued appellant, a real-estate brok-
er, for one-half the commission received
by appellant on the sale of certain property.
The trial court found for appellee, and this
appeal followed.

Appellee's evidence tended to prove the
following: that he was employed as a
salesman by appellant, his compensation to
be one-half of the commissions on all sales
either made by him or in which he was the
procuring cause; that appellant told him
certain property was for sale and he told
appellant he would try to interest labor
unions in buying this property; that he
called the American Federation of Labor
by telephone; that shortly thereafter, ap-
pellant told appellee that as a result of ap-
pellee's telephone call to the American Fed-
eration of Labor, appellant had been put in
contact with the National Association of
Letter Carriers, an independent national
union affiliated with the American Federa-
tion of Labor, having its office in the
American Federation of Labor building;
that appellant stated the deal was a large
one and he desired to negotiate it himself,
that appellee was inexperienced and should
not take part in the negotiations but would
receive his share of the commission if a
sale were made; that the sale was made to

the National Association of Letter Carriers, but appellant refused to pay appellee one-half the commission; and that appellant stated on several occasions to other persons that he was going to pay appellee his commission on the sale of the property involved.

Appellant's evidence directly contradicted that of appellee. It tended to show that the purchaser was never in communication with appellee, directly or indirectly; that appellant personally conducted all the negotiations culminating in the sale; that appellant never promised appellee one-half of the commission on the sale in question; and that he never stated he was put in touch with the purchaser through appellee's telephone call to the American Federation of Labor.

Appellant contends that the trial court erred in failing to hold appellee was not the procuring cause of the sale. With this contention we can not agree. The relationship of appellant and appellee was not that of rival or competing brokers. It was something more than that of cooperating brokers.[1] A relationship of a fiduciary nature arose from the agreement between them with the necessary incidents of good faith and mutual trust.[2] Consequently, the principles governing the right to a commission where there are rival brokers[3] do not and should not apply.[4]

To us it seems clear that the rights of the parties must be governed by the nature of their relationship and the agreement between them. In that respect, a real-estate broker and his salesman stand in practically the same relative position inter se with reference to the right to compensation as do the principal and broker.[5] That being so, the law of principal and broker must be applied to determine appellee's right to compensation.

Ordinarily it is sufficient to entitle a broker to compensation that a sale is effected through his agency as its procuring cause. And where the broker commences negotiations but the principal assumes exclusive charge of the negotiations, dispensing with the further efforts of the broker, the broker's right to compensation is not defeated.[6] We think this principle applies with equal force to the relationship of broker and salesman, and appellee's right to compensation must be determined on that basis.

Since the evidence was conflicting, whether appellee's efforts in finding the purchaser, before appellant assumed exclusive charge of the negotiations, were the procuring cause of the sale was a question of fact depending largely on the credibility of the witnesses. The trial court's finding for appellee, therefore, will not be disturbed on appeal.

Affirmed.

---

[1] The Real Estate and Business Brokers' License Act treats a real-estate salesman as an employee of the broker, Code 1940, § 45—1402, and provides that a real-estate salesman may not accept a commission or valuable consideration as a salesman from any person except the broker under whom he is licensed. Code 1940, § 45—1408(e).

[2] Spignul v. Blundon, 53 App.D.C. 29, 287 F. 1006.

[3] Davidson v. Jones, D.C.Mun.App., 34 A.2d 261.

[4] Core v. Henley, 179 Ark. 488, 16 S.W. 2d 579.

[5] Saunders v. Yoakum, 12 Cal.App. 543, 107 P. 1007; Leonard v. Roberts, 20 Colo. 88, 36 P. 880; Reasoner v. Yates, 90 Neb. 757, 134 N.W. 651; Barthell v. Peter, 88 Wis. 316, 60 N.W. 429, 43 Am. St.Rep. 906; 12 C.J.S., Brokers, § 80, p. 175; Restatement, Agency, § 454.

[6] Moore & Hill, Inc., v. Breuninger, 34 App.D.C. 86. See also Hecht Co. v. Whiteford, 78 U.S.App.D.C. 134, 137 F. 2d 929, certiorari denied 320 U.S. 795, 64 S.Ct. 264, 88 L.Ed. 479.