856

### HILBERT et al. v. SHILBY.
### No. 549.

Municipal Court of Appeals for the
District of Columbia.

Nov. 21, 1947.

Harry W. Goldberg, of Washington, D.
C., for appellants.

Joseph C. Turco, of Washington, D. C.,
for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellants, three former owners of a
restaurant business, appeal from a judg-
ment against them in favor of a broker
for a commission allegedly earned by him
on the sale of their business.

There was little or no conflict in the
testimony. The following facts were not
disputed. Hilbert, one of the owners of
the business, listed the business for sale
with the broker, the listing being designat-
ed as exclusive for ninety days. The bro-
ker advertised the business for sale and as
a result one Richardson called on the bro-
ker with a view to buying and secured
from him information as to terms, de-
tails, price, etc. At this conference the
broker arranged for Richardson to visit
the restaurant and he later went there
alone and talked with Wright, another of
the owners, informing him of the previous
conversation with the broker. Wright
gave Richardson full information regard-
ing the business. Thereafter Wright told
the broker of Richardson's visit and said
Richardson was averse to dealing with
brokers, that he (Wright) would proceed
with the details of the sale and see that
the broker's commission was protected.[1]
The broker did not thereafter see Richard-
son or take any further part in the nego-
tiations leading up to the sale.

On his second visit to Wright, Richard-
son said the amount of work and hours re-
quired to conduct the business were too
much for a man of his age, and Wright
then inquired if Richardson would be in-
terested in buying as a partner. Richard-
son expressed interest and Wright intro-
duced him to one Smith. Richardson and
Smith arranged to buy the business but the
sale was not completed because of Smith's
inability to furnish the cash necessary on
his part. Thereafter Smith introduced
Richardson to one Rorer, who became in-
terested, and Richardson and Rorer as
partners purchased the business. The pe-
riod of time between Richardson's inter-
view with the broker and the purchase of
the business by Richardson and Rorer was
approximately one week.

On the facts above set forth the trial
judge found that the broker was entitled
to his commission. Appellants contend
that the record does not support a finding
by the trial judge that the broker produced
in Richardson a purchaser ready, able, and
willing to buy. Under the circumstances
of this case, we think that is unimportant.
The vital question here is whether the sale
was effected through the agency of the

---

[1] Hilbert's authority to list the business
with the broker and Wright's authority
to deal with the broker are not ques-
tioned.

broker as the procuring cause. If so, he was entitled to his commission; and we think the undisputed evidence supported—perhaps compelled—a finding in his favor on this ground.

Appellants concede that the broker performed services of value and is entitled to fair compensation, but argue that full commission on the sale gives the broker more than fair compensation. The basis for this argument is that the only prospective buyer secured by the broker was Richardson, whereas the sale was made to Richardson and Rorer as partners, and Rorer was wholly unknown to the broker. Had this been a case where the broker, after first interesting Richardson, abandoned further efforts, there might be merit to appellants' argument. But this is not such a case. Here the broker was engaged to find a purchaser. He found a prospective purchaser definitely interested in buying; he furnished the prospect with information and arranged for him to see the business and talk with the owners. The owners, being fully informed of the broker's efforts, talked with the prospect and reported to the broker the results of such talk. No agreement for sale had then been reached but the owners did not urge the broker to continue his efforts. Instead, in effect they ordered the broker to do nothing further, saying that they would proceed to deal directly with the prospect and that the broker's commission would be "protected."

Under these circumstances we think it is immaterial that the sale was not made to Richardson alone, but to him and another. The owners definitely and knowingly appropriated the efforts of the broker and at the same time denied him an opportunity to bring the negotiations initiated by him to a successful conclusion. The trial court was justified in finding that the broker was the procuring cause of the sale and entitled to his commission. Cf. Henderson v. Porter, D.C.Mun.App., 52 A.2d 779; Lady v. Realty Associates, Inc., D.C.Mun.App., 31 A.2d 875.

Affirmed.