**O'BRIEN v. MORGAN.**

No. 1462.

Municipal Court of Appeals for the District of Columbia.

Argued March 8, 1954.

Decided April 21, 1954.

Francis J. Ortman, Washington, D. C., for appellant.

Thomas M. Raysor, Washington, D. C., with whom Paul B. Cromelin, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

O'Brien, plaintiff below, a broker in interstate motor carrier operating rights, sued Morgan for one-half of a commission received by him in the sale of certain operating rights. The trial court found for Morgan, and this appeal followed.

It was shown at trial that Morgan was the attorney for one Marshall, who had certain motor carrier operating rights to sell. Marshall authorized Morgan to sell these rights and agreed to pay him 10% of the sales price as a commission. Morgan, in turn, agreed to give O'Brien one-half of the commission if he, O'Brien, could sell the rights. Pursuant to this agreement O'Brien advertised the rights for sale in certain trade journals and in response to one of these advertisements a Miss Kelly, an attorney from Boston, Massachusetts, communicated with him. She informed O'Brien that the Shoe City Express Co., Inc., was interested in purchasing Marshall's rights. Thomas J. Lyons was the sole owner of the Shoe City Company. A $1,000 deposit was given to O'Brien by Miss Kelly, and the negotiations for the sale were then entered into by all the parties. It was 'agreed that Marshall would sell part of his rights to Shoe City for $23,500, subject to the approval of the Interstate Commerce Commission. When application for this transfer was made to the Commission, it was denied on the ground that the transaction would create duplicating rights. The deal was mutually rescinded and the deposit returned to Miss Kelly.

O'Brien then wrote to Morgan asking if he still had permission to find a purchaser for Marshall's rights. Morgan replied that O'Brien was to do nothing further as he, Morgan, was dealing with certain prospective purchasers, and that if a sale was not effected he would communicate with O'Brien later. Subsequently, all of Marshall's rights were sold by Morgan to the Quinn Freight Lines, Inc., for $47,500. Lyons, the sole owner of the Shoe City Company, was also the controlling stockholder in this corporation. The successful sale was negotiated directly between Morgan and Miss Kelly, and O'Brien was not allowed to take any part in the transaction, although he was in communication with both Morgan and Miss Kelly during this period. Morgan received his commission and, when he re-

fused to pay O'Brien 50% of it, suit was filed.

On this appeal O'Brien contends that he was the procuring cause of the sale of Marshall's rights and therefore is entitled to his agreed share of the commission. Morgan concedes that a commission should have been paid if the sale to the Shoe City Company had been successful, but he argues here, as he did below, that O'Brien had nothing to do with the sale to the Quinn Freight Lines, and thus is not entitled to any compensation for the completion of that sale.

 It is well settled that a broker cannot usually recover a commission under an ordinary brokerage agreement unless he was the procuring cause of the sale.[1] Moreover, this court has held that the question of whether a broker is the procuring cause of a sale is ordinarily one of fact.[2] Mere introduction of the purchaser to the seller will not generally entitle a broker to his fee,[3] unless such introduction is the effectual cause of the sale. Thus, if the seller deals directly with the purchaser procured by the broker in order to evade the payment of a commission, he becomes liable for the agreed commission.[4] In like manner, when a seller excludes the broker from the negotiations,[5] or orders him to cease dealing with the purchaser,[6] he cannot deprive him of his commission if a sale is made.

 In the present case we do not have the usual situation of a broker dealing with the seller; instead we have an agent of the seller dealing with a broker. Nevertheless, the same general rules govern-

ing sellers and brokers may be applied to this relationship.[7]

 Stripped to its essential facts, we have a situation in which O'Brien had an agreement to receive a part of Morgan's commission if he could sell the carrier rights involved. Through his efforts O'Brien secured a prospective purchaser and brought him and the seller together. The sale was not consummated because of factors beyond O'Brien's control. He was then instructed to take no further action, and subsequently a sale was made to the purchaser he had originally procured. Thus, Morgan attempted to deprive O'Brien of his commission by conducting the negotiations without his aid and bringing the sale to a successful conclusion by dealing directly with the purchaser. Applying to these facts the principles set out above, we rule that O'Brien must be regarded as the procuring cause of the sale, and that the trial court was in error in holding in Morgan's favor.

In reaching this conclusion we are not unmindful of Morgan's argument that the sale to the Quinn Freight Lines was of different rights to an entirely different purchaser than the one procured by O'Brien. While it is true that O'Brien's prospective purchaser was Shoe City Company, and that the sale eventually was made to Quinn Freight Lines, the evidence clearly shows that Lyons was either the sole or controlling stockholder in both these corporations and the party applicant before the Interstate Commerce Commission in both transactions. It would be manifestly unjust to allow Morgan to avoid his liability for commission merely

1. Shoemaker v. Digges, 46 App.D.C. 206; DuPerow v. Groomes, 42 App.D.C. 287; Rieffer v. McGuire, D.C.Mun.App., 53 A.2d 784.

2. Rieffer v. Hollingsworth, D.C.Mun.App., 52 A.2d 632; Lindquist v. Steele, D.C. Mun.App., 42 A.2d 925.

3. Hecht Co. v. Whiteford, 78 U.S.App.D.C. 134, 137 F.2d 929, certiorari denied, 320 U.S. 795, 64 S.Ct. 264, 88 L.Ed. 479;

Battle v. Price, 63 App.D.C. 326, 72 F.2d 377.

4. Lady v. Realty Associates, Inc., D.C. Mun.App., 31 A.2d 875.

5. Hilbert v. Shilby, D.C.Mun.App., 55 A.2d 856; Henderson v. Porter, D.C.Mun.App., 52 A.2d 779.

6. Clark v. Morris, 30 App.D.C. 553.

7. Henderson v. Porter, supra.

by selling the rights to another corporation controlled by the same man. O'Brien's claim will not be defeated merely because the second sale included rights not involved in the first. Morgan had authorized O'Brien to sell all of Marshall's rights and that was what was done.

■ Nor could Morgan by revoking O'Brien's agency deprive him of his right to a commission, as such revocation was made subsequent to O'Brien's procuring the purchaser and introducing him to Morgan. A seller cannot revoke a broker's authority in this manner and deprive him of his right to a commission on any subsequent sale.[8]

Reversed, with instructions to enter judgment for the plaintiff.

8. Potomac Chemical Co. v. Chapman, 79 U.S.App.D.C. 299, 146 F.2d 664, certiorari denied 324 U.S. 881, 65 S.Ct. 1028, 89 L.Ed. 1432.