**SAM BLANKEN & CO., Inc., a corporation, Appellant,**

v.

**TINOS, INC., Appellee.**

**No. 3773.**

District of Columbia Court of Appeals.

Argued Feb. 28, 1966.

Decided May 12, 1966.

Isadore B. Katz, Washington, D. C., for appellant.

Harry A. Calevas, Washington, D. C., with whom Thomas A. Farrell, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This action was brought by appellant-broker to recover a commission on the sale of Tino's Villa, a restaurant business. The trial court found for appellee, the vendor of the business.

It is well settled that a broker cannot recover a commission under an ordinary brokerage agreement unless he was the procuring cause of the sale. O'Brien v. Morgan, D.C.Mun.App., 104 A.2d 411 (1954). And the question of whether a broker is the procuring cause of a sale is usually one of fact. Webster v. Perper, D.C.Mun.App., 83 A.2d 433 (1951). This was the issue of fact presented to the trial court; and after a careful review of the record we affirm the judgment for appellee.

The essential parties involved in appellant's theory of the case are: appellee, as the owner of Tino's Villa; Weinberg and Seligson, as customers of appellant looking for a business to buy; and Schindler, Seligson's brother-in-law. Weinberg and Schindler are the shareholders of the corporation which purchased Tino's Villa on February 21, 1964. Each of them contributed one-half of the down payment on the purchase price. Seligson is employed by the corporation to manage the business.

Appellant-broker secured an open listing to sell Tino's Villa in June 1963. In November 1963 Seligson, as a customer of appellant, submitted a contract signed by himself offering to purchase the business. Appellee rejected this offer and revoked appellant's listing. Seligson's brother-in-law had been interested in finding a business for investment purposes and had on several occasions relied upon Seligson, an experienced restaurant man, to discover available businesses and to advise him of their merits. Seligson accordingly did inspect Tino's Villa in January 1964, and did advise Schindler that it merited his interest. As concerns Schindler, appellant claims that it procured the February sale by procuring Seligson as a prospective purchaser in November.

Appellant further claims that in the course of assisting Weinberg to find a business to purchase, it took Weinberg to Tino's Villa. Appellant thus concludes that it was the procuring cause of the sale to Weinberg and Schindler.

The evidence to support this claim is in conflict. Weinberg testified that his attention was called to Tino's Villa by an independent agent and not by appellant. This testimony was corroborated by that of appellee, the independent agent, and the manager of Tino's Villa. Appellee paid the independent agent a finder's fee for procuring the sale. The theory that the procurement of Seligson was the procurement of the sale is also contradicted.

Schindler testified that he knew Weinberg in 1963. Weinberg testified that his business association with Schindler was not arranged by Seligson and that he independently sought Schindler's participation in the purchase. Schindler in turn requested Seligson to view Tino's Villa with Weinberg. This evidence would support the conclusion that the sale of the business was the result of Weinberg's procurement by an independent agent and that appellant's procurement of Seligson was not relevant.

Upon such a contradictory record the trial judge made his decision. His evaluation of the credibility of the witnesses and their business relationships cannot be supplanted by this Court. There is sufficient evidence to support his judgment, and our review of the record discloses no error of law warranting reversal.

Affirmed.