Janice W. FREY, Appellant,

v.

James S. CHASTAIN, Appellee.

No. 79–541.

District of Columbia Court of Appeals.

Argued Jan. 10, 1980.
Decided March 14, 1980.

---

Harvey M. Katz, Washington, D. C., for appellant.

Leonard C. Collins, Washington, D. C., for appellee.

Before NEWMAN, Chief Judge, and MACK and PRYOR, Associate Judges.

PER CURIAM:

Appellant, a real estate agent, brought an action against appellee, also a real estate agent, to recover one-half the sales commission for the purchase of a house. In a nonjury trial, the trial court found that appellee was "essential" to the sale and held that appellant failed to carry her burden of proving her entitlement to the damages claimed. Appellant challenges the trial court's decision as contrary to law. We affirm.

I

The facts giving rise to the action are essentially undisputed. Appellant, Janice Frey, is a real estate agent in the District of Columbia, doing business through a licensed broker. She has been in the real estate business for eleven years. In October 1977, appellant obtained an exclusive sales listing from the owner of a house located in the District of Columbia. The listing provided that appellant was to receive a sales commission in the amount of six percent of the sales price.

In carrying out her duties as an exclusive agent, appellant placed advertisements in local newspapers and held the property open for inspection. Two prospective buyers, Messrs. Molino and Sanchez, were attracted to the property by an advertisement and were shown the house by appellant. Shortly thereafter, Molino and Sanchez approached appellee and asked if he could get a listing on the property for them. Molino and Sanchez had known appellee for three or four years and had previously done business with him. Appellee thereupon contacted appellant and offered to act as a "cooperating agent" in the sale of the property. Appellant accepted this offer. The next day appellee visited the premises with Molino and Sanchez. Recognizing the men with appellee as the two prospective buyers to whom she had previously shown the house, appellant approached appellee and informed him the men were her clients. Appellee responded by presenting appellant with a proposed contract of sale which provided for an equal division of a six percent sales commission between appellee and appellant, in the names of their respective brokers. Appellant strongly protested the appellee's actions, contending that under the terms of their oral "cooperating agent" agreement, appellee would be entitled to one-half the commission only if he was the first to introduce the ultimate buyer to the property. Appellant offered to negotiate or to take the matter to arbitration but appellee refused to do so. Citing her fiduciary duty to the seller, appellant nevertheless communicated the offer to the seller. After some minor changes were made in the proposed contract, agreement was reached between buyer and seller, and settlement was completed thereunder. Each broker received one-half of the six percent sales commission on behalf of appellant and appellee, respectively.

Appellant subsequently initiated this action alleging that she was entitled to the one-half sales commission paid to the appellee and that appellee procured the same through wrongful conduct constituting conversion or fraud; alternatively, she alleged wrongful interference with contractual relations.[1]

---

1. Although contained in the complaint, the theory of wrongful interference with contractual relations was not argued on appeal.

## II

The respective rights and duties of the two real estate agents, of the buyers, and of the seller are established by three separate agreements. First, there was an exclusive listing agreement between the seller and appellant. Second, there was a "cooperating agent" agreement between appellant and appellee. Third, there was the written contract of sale between the buyers and the seller. Appellant contends that appellee was not entitled to share her real estate commission under the "cooperating agent" agreement because appellee did not fulfill his obligations under that agreement. As a general proposition, in order for a real estate agent to receive a share of the commission from a sale, it is necessary that the agent be the procuring cause of the sale. *See Cowal v. Hopkins,* D.C.App., 229 A.2d 452 (1967); *Sam Blanken & Co. v. Tinos, Inc.,* D.C.App., 219 A.2d 499 (1966). It is clear, however, that appellee received nothing from appellant pursuant to the "cooperating agent" agreement. Rather, appellee was paid a three percent commission by the seller, pursuant to the contract of sale entered into by the seller. There was no unlawful enrichment or conversion of appellant's property by appellee.[2]

The existence of the cooperating agreement between the two realtors did not preclude all other avenues of completing a sale under the exclusive listing. Without regard to the cooperating agreement, the offer to purchase presented by appellee stood on a separate basis as to the division of a sales commission. Appellant may still be entitled to a full six percent commission from the seller pursuant to the exclusive listing agreement. Appellant was certainly free to insist on her rights under the exclusive listing and indicate to the seller that an acceptance of the submitted contract of sale would increase the total real estate commission payable by the seller from six percent to nine percent of the purchase price. Whether the exclusive listing agreement

was instead modified by appellant and seller is an issue not before us.

Contrary to appellant's argument, this holding does not invite mischief but emphasizes the need for realtors not only to fully inform their clients as to prospective offers, but also to be mindful of their own rights under existing agreements. Finding no error, we affirm.

*Affirmed.*

---

2. Nor did appellee breach any duty he owed appellant. Assuming, as appellant contends, that appellee owed her a fiduciary duty to disclose his prior contact with the prospective purchasers at the time he entered into the cooperating agreement, appellant has failed to demonstrate any injury resulting from this alleged breach of duty.